NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SHANE EDWARD CRAIG, *Appellant*.

No. 1 CA-CR 22-0328
FILED 5-25-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202100744
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Janelle A. Mc Eachern, Attorney at Law, Chandler
By Janelle A. Mc Eachern
*Counsel for Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which
Judge Brian Y. Furuya and Chief Judge Kent E. Cattani joined.

**G A S S**, Vice Chief Judge:

¶1　　　　Shane Edward Craig filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Craig's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel asks this court to review the record for fundamental error. This court gave Craig the chance to file a supplemental brief *in propria persona*. He has not done so. Finding no error in the record, we affirm Craig's convictions and sentences, although we modify the sentencing minute entry to correct the statutory citations relating to sentencing for repetitive offenders.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Craig. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3　　　　Craig often helped a friend, T.L., who owned a business cleaning out apartments. Sometime between December 2019 and January 2020, Craig and his accomplices—T.L. and two other people—cleaned out the victim's apartment. T.L. gave Craig a $700 check from the victim's checkbook, which he cashed. About two weeks later, T.L. gave Craig two more of the victim's checks totaling $8,750. Craig later testified he cashed those checks and gave the money to T.L. At the same time, T.L. and the two other people who helped clean the apartment also cashed several of the victim's checks.

¶4　　　　In February 2020, the victim notified his bank that money was missing from his checking account. In total, Craig and his accomplices withdrew $29,400 from the victim's account. A detective investigated the suspicious withdrawals and determined Craig and his accomplices cashed the checks. An officer later arrived at Craig's workplace and served him papers notifying him of his charges.

¶5　　　　The State originally charged Craig with 16 counts but dismissed 11 counts before trial. The State submitted these offenses to the jury: fraudulent schemes and artifices, a class 2 non-dangerous felony (count 1); forgery, a class 4 non-dangerous repetitive felony (counts 2–4); and theft, a class 3 non-dangerous felony (count 5). The jury convicted Craig on all counts. The superior court sentenced Craig to a total of 12 years under A.R.S. §§ 13-701, -702 as follows:

(a) concurrent terms of 5 years for count 1, 3 years for count 2, and 3.5 years for count 5;

(b) a consecutive term of 4.5 years for count 3 (running consecutive to count 2 only); and

(c) a consecutive term of 4.5 years for count 4 (running consecutive to count 3 only).

The superior court credited Craig with 29 days of presentence incarceration and ordered him to pay $9,500 in restitution.

¶6 This court has jurisdiction over Craig's timely appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

## ANALYSIS

¶7 We have read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011).

¶8 The superior court conducted all proceedings in compliance with the Arizona Rules of Criminal Procedure. Craig was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of twelve jurors and one alternate. *See* A.R.S. § 21-102.A. No evidence shows jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Craig's presumed innocence. The superior court gave Craig the chance to speak at sentencing, and the sentence the superior court imposed fell within the statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 13-702, -703.

¶9 We note the July 8, 2022 Minute Entry: Judgment & Sentencing Prison contains three clerical errors. For count 2, 3, and 4, the minute entry cites A.R.S. § "13-702"; it should have referred to subsection A.R.S. § "13-703(I)"(relating to sentencing for repetitive offenders). These clerical errors did not prejudice Craig, but merit correction. We, thus, modify the July 8, 2022 Minute Entry as follows:

(1) at page two, under Count 2, strike "13-702" and insert "13-703(I)";

(2) at page two, under Count 3, strike "13-702" and insert "13-703(I)"; and

(3) at page three, under Count 4, strike "13-702" and insert "13-703(I)".

## CONCLUSION

**¶10**   We affirm as modified Craig's convictions and sentence**s**.

**¶11**   Defense counsel's obligations in this appeal have ended. Defense counsel simply need inform Craig of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court through a petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶12**   Craig has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, extends the 15-day filing deadline under Arizona Rule of Criminal Procedure 31.20 and grants Craig 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:   AA